## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Z.H. by and through KEVIN HUTCHENS AND CHRISTIN HUTCHENS, individually, and as parents and next friends of Z.H., | CASE NO. 1:14CV176 |
| | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiffs, | |
| vs. | **ORDER** |
| ABBOTT LABORATORIES, INC. And ABBVIE, INC., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Motions in Limine (ECF DKT #107, #109 and #110).

## I. INTRODUCTION

Plaintiff Z.H. is a minor child who suffers from serious birth defects. Z.H.'s injuries were allegedly caused by *in utero* exposure to Depakote, an antiepileptic drug prescribed to his mother, Christin Hutchens. Plaintiffs allege that Defendants, Abbott Laboratories, Inc. and Abbvie, Inc. ("Abbott"), failed to provide adequate warnings regarding the risk of birth defects associated with Depakote use.

## II. LAW AND ANALYSIS

**Motions in Limine**

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004)

(citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)).  A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'"  *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)).  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."  *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise."  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975).  "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."  *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011).  It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial.  *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

With these precepts in mind, and upon consideration of the parties' briefs and arguments, the Court rules as follows:

**DEFENDANTS' ABBOTT LABORATORIES INC. AND ABBVIE INC.'S MOTION IN LIMINE (NO. 8) TO EXCLUDE TESTIMONY, EVIDENCE OR OTHER REFERENCES TO ABBOTT'S PROMOTION OR MARKETING OF DEPAKOTE AS A "FIRST-LINE" DRUG (ECF DKT #107)**

 Certain antiepileptic drugs ("AED's") may be preferred by prescribers as "first-line" treatments for patients suffering from a type or combination of types of seizures. If the "first-line" AED's do not adequately control seizures in a given patient, the prescriber may try another "first-line" drug or move on to "second-line" therapies, etc. Depakote was promoted as a "first-line" option for some patients. However, in Mrs. Hutchens' case, Depakote was the eighth and not the first AED prescribed to control her seizures. So, Defendants argue that the whole discussion of Depakote as a "first-line" therapy is irrelevant and will confuse and distract the jury in this case.

 Plaintiffs counter that Abbott's primary sales and marketing message from 1986 through 2008 was promoting Depakote as a "first-line" therapy, a "first choice" for doctors, specifically for female patients of childbearing years. Although Mrs. Hutchens' treating physicians did not prescribe Depakote as their "first choice" for her treatment, Plaintiffs believe that Abbott's promotional materials are relevant to what Abbott knew and when it knew about the extent of the birth defect risks and the proper use in women of childbearing years.

 In keeping with the previous ruling on Abbott's promotional, sales and marketing evidence (ECF DKT #198 at 9), the Court finds that evidence of Abbott's promotion of

Depakote as a "first-line" drug, prior to Z.H.'s birth, is relevant to the failure-to-warn claim and to punitive damages.

Therefore, Defendants' Motion (ECF DKT#107) is DENIED.

**DEFENDANTS ABBOTT LABORATORIES INC. AND ABBVIE INC.'S MOTION IN LIMINE (NO. 9) TO EXCLUDE REFERENCES TO PRE-1996 DEPAKOTE PROMOTIONAL ACTIVITIES AND MATERIALS (ECF DKT #109)**

Defendants move the Court for an order precluding references to pre-1996 Depakote promotional activity and materials as too remote in time, subject matter and probative value. Defendants argue that it would be unduly prejudicial to suggest to the jury that Mrs. Hutchens' treating physician was "swayed by long-past promotional, marketing, and sales activities that she never saw or relied on and that significantly pre-date Mrs. Hutchens's initial prescription for Depakote and Z.H.'s conception." (ECF DKT #109 at 4).

Plaintiffs point out that Abbott has manufactured, marketed and sold Depakote in the United States since 1978. Plaintiffs argue that marketing materials and promotional efforts any time after 1978 show what Abbott knew, when Abbott knew it and what Abbott told the medical community. Plaintiffs note that Abbott produced evidence reflecting that Abbott's sales representatives visited two of Mrs. Hutchens' doctors nearly two hundred times in an eight-year period. Thus, Plaintiffs should be allowed to show the potential cumulative effect of Abbott's marketing on the ultimate prescription of Depakote in this case.

The Court agrees that Abbott's pre-1996 Depakote promotional, marketing and sales

activities and materials are relevant to what Abbott knew, when Abbott knew it, what was communicated to the medical community and how Abbott's labeling decisions were impacted.

Therefore, Defendants' Motion (ECF DKT #109) is DENIED.

### ABBOTT LABORATORIES INC. AND ABBVIE INC.'S MOTION IN LIMINE (NO. 10) TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE AUGUST 30, 2002 MEMORANDUM FROM THE NORTH AMERICAN ANTIEPILEPTIC DRUG PREGNANCY REGISTRY  (ECF DKT #110)

The evidence at issue concerns an August 30, 2002 Memorandum from Lewis Holmes and the North American Antiepileptic Drug Pregnancy Registry to Abbott regarding the Registry's findings in pregnancies in which the infants had been exposed to valproic acid. The purpose of the Registry was to study women taking AED's during pregnancy, to obtain information on their pregnancy outcomes and to analyze the occurrence of major malformation with specific AED's.

Defendants argue that the Registry's findings are irrelevant because the information in the Memorandum would have had no effect on the prescribing decision of Mrs. Hutchens' physician.  Mrs. Hutchens consulted with Dr. Foldvary prior to the Memorandum's issuance in August 2002; and she did not return for treatment and care until December 20, 2002, after she became pregnant.  Abbott contends that the August 2002 document would have had no effect on Dr. Foldvary's prescribing decisions or on Mrs. Hutchens' decision to take

Depakote.

Plaintiffs insist that Abbott could have communicated the Registry's findings immediately by a "Dear Doctor" letter or otherwise, and Dr. Foldvary could have contacted Mrs. Hutchens without waiting for the next scheduled in-office visit.

Defendants may indeed offer testimony that only a small window of opportunity existed to forward the August 2002 information to Dr. Foldvary and other physicians prescribing Depakote. Nevertheless, the Court finds that the Holmes Memorandum is relevant to Abbott's duty as a reasonable manufacturer to warn of risks associated with its drug and also to its obligation to ensure that warnings remain adequate for the entire time that a drug is on the market.

Therefore, Defendants' Motion (ECF DKT #110) is DENIED.

**IT IS SO ORDERED.**

                                           **s/ Christopher A. Boyko**
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**

**Dated: January 10, 2017**