# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Z.H. by and through KEVIN HUTCHENS and CHRISTIN HUTCHENS, individually, and as parents and next friends of Z.H. | ) ) ) ) ) | CASE NO.1:14CV176 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) ) | |
| ABBOTT LABORATORIES, INC. and ABBVIE, INC. | ) ) ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion in Limine to Exclude Evidence, Testimony and Argument about Codes of Business Conduct, Ethical Guidelines, or Similar Documents Promulgated by Abbott, the FDA, PhRMA, or any Other Entity and Not if Effect Prior to the Minor Plaintiff's Conception. (ECF # 116). For the following reasons, the Court grants Defendants' Motion.

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)). A "motion *in*

*limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011). It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

During depositions, Defendants allege their company witnesses were questioned by Plaintiffs' counsel regarding codes of business conduct, guidelines, standards and similar documents promulgated by Defendants, the Pharmaceutical Research and Manufacturers of

America ("PhRMA") and others that were not in effect prior to Z.H.'s conception. Defendants move the Court to exclude any such testimony or evidence as irrelevant to whether Defendants met their legal obligations to adequately warn physicians of the birth defect risks of Depakote in women of child bearing age. These ethical guidelines and codes do not tend to prove or disprove the adequacy of Defendants' warning prior to Z.H.'s conception. Furthermore, Defendants argue they would tend to mislead the jury because the jury may substitute these later adopted guidelines or codes for the legal standards in the case. Defendants cite to Judge O'Malley's decision in *In re Welding Fume Prod. Liab. Litig*. No. 1:03CV17000, 2005 WL 1868046, at *20 (N.D. Ohio Aug. 8, 2005) wherein the court held, "But the critical question for the jury in this case is whether the defendant corporations did what the law required them to do, not whether, for a societal perspective, they did what an ethical corporation should have done.....opinions regarding the lateer, accordingly, will tend to misdirect the finder of fact."

Plaintiffs opposition is based on their argument that while the codes and guidelines may not have been formally adopted prior to Z.H.'s conception, they did govern Defendants' operations for decades. Whether Defendants breached their own guidelines is relevant to the alleged breach of their legal duties in this case. They are also relevant to what the industry standards were at the time and have a tendency to make the facts of this case more or less probable. The testimony comes for Defendants' own employees and is therefore, not improper lay testimony. Finally, Plaintiffs argue Defendants motion is too vague and overbroad.

The Court finds that evidence or testimony regarding any ethical standards, guidelines or similar codes of conduct that were not in effect prior to Z.H.'s conception are irrelevant to the causes of action in this case and are excluded. Furthermore, the Court agrees with Defendants

that the introduction of such standards would tend to mislead the jury and draw its focus away from the legal standards to be applied.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: January 10, 2017