UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Z.H. by and through KEVIN HUTCHENS and CHRISTIN HUTCHENS, individually, and as parents and next friends of Z.H. | ) ) ) ) ) | CASE NO.1:14CV176 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| ABBOTT LABORATORIES, INC. and ABBVIE, INC. | ) ) ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion in Limine to Preclude Admission of a Document Titled "Neurology Consultant Meeting" and Other Suggestions that Depakote Should Have Been Contraindicated for the Treatment of Epilepsy in Women of Childbearing Years. (ECF # 118). For the following reasons, the Court grants Defendants' Motion.

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)). A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound

judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011). It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

For purposes of this Motion the Court adopts Defendants' label of the document in question as Carbone 921. Carbone 921 is a two-page document titled "Neurology Consultant Meeting, June 2, 2001 Chicago, Illinois." Of particular interest in this case is discussion point number four, which reads:

> 4) Discuss and develop a flowchart for the treatment of adult epilepsies and co-morbid conditions (eg behavioral disorders).
>
> • Not use Depakote in female of child bearing years due to teratogenic potential. Many not aware of the actual risk. Dr. Hughes quoted 1-2% risk of neural tube defects, just not sure with new AEDS."

Defendants concede there is evidence that Defendants' personnel convened a neurology

2

consultants meeting in Chicago on or about June 2, 2001.  They further acknowledge that they produced the document in the course of discovery in this case.  However, Plaintiffs have not produced one witness that has been able to lay a foundation for the document's admissibility.  Defendants contend Plaintiffs are unable to locate any witness present at the 2001 meeting.  Defendants produced the document when it registered as a "hit" on the parties' agreed upon search terms.  Defendants oppose the Carbone 921's admissibility because it is irrelevant and highly prejudicial absent other evidence establishing the identity of its author and its context.  Defendants argue that Plaintiffs want to introduce Carbone 921 for the purpose of establishing that a consultant told Abbott in 2001 that Depakote should not be prescribed for women of child bearing age.  However, this is an interpretation that requires more context and information than is available.   In order to be admissible, Defendants contend Plaintiffs must produce information concerning its accuracy, that it captures the opinion of the author, that it was paid for by Defendants and was understood by Defendants' employees who had the ability to act on it.   The sentence fragment containing the alleged warning does not divulge whether the speaker espoused the view, merely sought to discuss it as an academic proposition or merely related it as the practice of the consultant.

      Defendants contend the document and any related suggestions on the contraindication of Depakote is irrelevant because Plaintiffs lack any expert testimony supporting the conclusion that Depakote should never have been prescribed to women of child bearing age regardless of the seizure conditions for which they were being treated.

      Given the fragmented composition of Carbone 921, a jury would be left to speculate on not only who the author was, but also  the intent of the author.  Furthermore, Defendants argue it

is inadmissible hearsay within hearsay.  Plaintiffs, in questioning witnesses on Carbone 921, have regarded it as the statement of a third party witness and not an employee of Defendants. Therefore, it cannot be an admission of Defendants and even if it were, it is inadmissible hearsay.

Nor is it a business record as there is no custodian to testify that it was kept in the ordinary course of business, recorded a regularly conducted activity or was a record of a regular practice of Defendants.

Plaintiffs oppose Defendants' Motion, contending that they do not intend to offer Carbone 921 for the truth of the matter asserted - i.e. -that Defendants failed to warn the medical community of the risks of birth defects from the use of Depakote by women of child bearing age. Instead, they seek to offer it as evidence to show notice;  when Defendants knew of the risks. According to Plaintiffs, Defendants admit their employees convened the 2001 meeting, admit that one or more of their employees received the document and that it was found in Defendants' electronic files.  This alone is sufficient to demonstrate its admissibility.

According to Plaintiffs, Carbone 921 is relevant as it directly addresses the issue that Defendants knew of the risks of Depakote in 2001.  It is also not hearsay because it is offered only for notice, not for the truth of the statement itself.

Defendants respond that Plaintiffs' experts do not opine that Depakote should never have been prescribed to women of childbearing age.  Neither do Plaintiffs contest Defendants representation that, if offered for the truth of the matter asserted it is inadmissible hearsay. Whether such a warning could have been on the label is beside the point because Defendants contend such a warning is not relevant to the issues in this case.  Furthermore, absent some

4

foundation or testimony on the context of the meeting, the jury can only speculate what was actually discussed at the 2001 meeting and whether the author of the Carbone 921 document was actually advocating for the contraindication on Depakote.  In short, without further elucidation on the unknown author's intent of the Carbone 921 document, any evidence presented on the author's intent and context is mere speculation.

Having reviewed the Motion, Opposition and Reply, the Court grants Defendants' Motion to Exclude the Carbone 921 document and any reference that Depakote should have been contraindicated for the treatment of epilepsy in women of childbearing age.  Absent any expert testimony supporting such a conclusion, it is mere speculation, irrelevant and highly prejudicial.  The same can be said for the Carbone 921 document.   Because there will be no testimony regarding the author's intent, the basis for the statement and the subsequent discussion held at the 2001 meeting, the trier of fact would be left to impermissibly speculate on its meaning.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  January 10, 2017