**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Z.H. by and through KEVIN HUTCHENS AND CHRISTIN HUTCHENS, individually, and as parents and next friends of Z.H.,** | ) | **CASE NO. 1:14CV176** |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **Plaintiffs,** | ) | |
| | ) | **ORDER** |
| **vs.** | ) | |
| **ABBOTT LABORATORIES, INC. and ABBVIE, INC., Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Motions in Limine (ECF DKT #117, #125 and #126).

## I. INTRODUCTION

Plaintiff Z.H. is a minor child who suffers from serious birth defects. Z.H.'s injuries were allegedly caused by *in utero* exposure to Depakote, an antiepileptic drug prescribed to his mother, Christin Hutchens. Plaintiffs allege that Defendants, Abbott Laboratories, Inc. and Abbvie, Inc. ("Abbott"), failed to provide adequate warnings regarding the risk of birth defects associated with Depakote use.

## II. LAW AND ANALYSIS

### Motions in Limine

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."

*Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv*., 115 F.3d 436, 440 (7th Cir.1997)). A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011). It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

With these precepts in mind, and upon consideration of the parties' briefs and

arguments, the Court rules as follows:

**DEFENDANTS ABBOTT LABORATORIES INC. AND ABBVIE INC.'S MOTION IN LIMINE (NO.14) TO EXCLUDE REFERENCES TO NEWSPAPER ARTICLES, MAGAZINE ARTICLES, PRESS RELEASES AND/OR MEDIA REPORTS RELATING TO AND/OR DISCUSSING DEPAKOTE (ECF DKT #117)**

Defendants move for an order excluding from evidence and precluding all reference to newspaper articles, magazine articles, press releases and/or media reports relating to and/or discussing Depakote. Defendants argue that such evidence is hearsay, irrelevant and unduly prejudicial.

The Court agrees with Plaintiffs that this Motion presents a very broad and sweeping request. The Court will not exclude scientific periodicals or reports that are relied upon by experts in their field and that are used in forming their opinions. Further, the Court will not exclude scientific periodicals or reports if the testimony at trial demonstrates that these writings are relevant to the issue of notice to Defendants and/or to Defendants' knowledge of the risks to epileptic patients of childbearing age who are taking Depakote.

Therefore, Defendants' Motion is GRANTED IN PART.

**DEFENDANTS ABBOTT LABORATORIES INC. AND ABBVIE INC.'S MOTION IN LIMINE (NO.16) TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND REFERENCES TO THE MEDICAL CONDITION OF MINOR PLAINTIFF Z.H.'S**

**SIBLING (ECF DKT #125)**

Defendants ask the Court to issue an order barring evidence, testimony, argument or other references to the medical condition, medical history, physical health, physical abilities, cognitive ability or psychological well-being of Minor Plaintiff Z.H.'s sibling. Further, Defendants seek an order prohibiting Plaintiffs from suggesting that the absence of birth defects, disabilities, developmental delay, or other physical, cognitive or psychological conditions in Z.H.'s sibling is evidence of or probative that Z.H.'s injuries were caused by Mrs. Hutchens' ingestion of Depakote while pregnant. Defendants contend that such evidence, testimony or other reference to the health of Z.H.'s sibling is irrelevant, since this case only concerns Minor Plaintiff Z.H.'s birth defects.

Plaintiffs agree that evidence of any pregnancy after Z.H.'s birth or consideration of a later pregnancy should not be admitted. However, Plaintiffs speculate that Abbott may offer evidence or argument that otherwise "opens the door."

The Court finds that evidence of Z.H.'s sibling's medical condition is not germane to Plaintiffs' claims in this case. However, the Court may re-visit this ruling if the presentation of evidence and testimony at trial warrants it.

Defendants' Motion (ECF DKT #125) is GRANTED.

**DEFENDANTS' MOTION IN LIMINE (NO.17) TO EXCLUDE IMPROPERLY DISCLOSED OPINIONS HELD BY PLAINTIFFS' TREATING PHYSICIANS (ECF DKT #126)**

Defendants move the Court to exclude from trial any opinions proffered through Plaintiffs' treating health care providers, but not disclosed and summarized in accordance with Fed.R.Civ.P. 26(a)(2)(C).

Treating physicians may testify about their observations, diagnoses and treatment of Christin Hutchens and Z.H. However, the Court defers ruling on any specific testimony from any non-retained expert witness until trial when the Court can consider it in the actual and proper context.

Defendants' Motion (ECF DKT #126) is DENIED AT THIS TIME.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 13, 2017**